IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


GLENN PASCHALL                              )
                                            )
v.                                          ) NO. 3-15-0074
                                            ) JUDGE CAMPBELL
METROPOLITAN GOVERNMENT                      )
OF NASHVILLE AND DAVIDSON                    )
COUNTY, TENNESSEE                            )


MEMORANDUM


Pending before the Court is Defendant's Motion to Dismiss the Second Amended Complaint
(Docket No. 24). For the reasons stated herein, Defendant's Motion is GRANTED, and this action
is DISMISSED.

FACTS

Plaintiff's Second Amended Complaint alleges that Defendant, his former employer,
discriminated and retaliated against him in violation of the Family and Medical Leave Act
("FMLA"). Plaintiff alleges that he took FMLA leave from July 30, 2012 until October 26, 2012,
followed by paid sick leave until December 19, 2012. He asserts that he resigned his position on
December 23, 2012.[1]

Plaintiff contends that Defendant's employees called and emailed Plaintiff while he was on
FMLA leave and that such calls and emails constituted harassment under the FMLA. Plaintiff also

---

[1] The allegations in Plaintiff's Second Amended Complaint about things that
happened before January 5, 2012, even under Plaintiff's argument for a three-year statute of
limitations, are irrelevant here.

alleges that Defendant retaliated against him by placing false information in his personnel file and classifying him as "not eligible for rehire."

Plaintiff filed this action in state court on January 5, 2015, and Defendant removed it to this Court on January 23, 2015. Defendant argues that Plaintiff's claims are barred by the applicable two-year statute of limitations under the FMLA, since any alleged harassment and retaliation occurred more than two years prior to the filing of Plaintiff's Complaint in this matter.

## MOTIONS TO DISMISS

For purposes of a motion to dismiss, the Court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id*. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id*. at 1950. A legal conclusion couched as a factual allegation need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient. *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010).

## FAMILY AND MEDICAL LEAVE ACT

Under the FMLA, actions must be brought no later than two years after the date of the last event constituting the alleged violation for which the action is brought. 29 U.S.C. § 2617(c)(1). The

period is extended to three years if the plaintiff alleges a willful violation of the FMLA. 29 U.S.C. § 2617(c)(2).

As noted, Plaintiff's Second Amended Complaint alleges discrimination and retaliation under the FMLA,[2] and the alleged adverse employment actions are harassment and the placement of inaccurate information into Plaintiff's personnel file. Defendant alleges that these claims are barred by the two-year statute of limitations. Plaintiff contends that because the actions were willful, the statute of limitations is three years, not two.

The central inquiry in determining whether a violation of the FMLA is willful is whether the employer intentionally or recklessly violated the FMLA. *Crugher v. Prelesnik*, 761 F.3d 610, 617 (6th Cir. 2014). A plaintiff must do more than make the conclusory assertion that a defendant acted willfully. *Id*. The Second Amended Complaint makes the conclusory statement that the acts and omissions by Defendant were willful and constitute violations of the FMLA, but Plaintiff has failed to allege facts which demonstrate willfulness - that is, intentional or reckless violations of the FMLA with regard to these communications.[3]

---

[2]    To establish a claim for FMLA retaliation, Plaintiff must show that (1) he engaged in an activity protected by the Act; (2) Defendant took an adverse employment action against him; (3) there was a causal connection between his protected activity and the adverse employment action. *Romans v. Michigan Dept. of Human Servs.,* 668 F.3d 826, 842 (6th Cir. 2012).

[3]    The Court also notes that nothing in the FMLA prevents employers from ensuring that employees who are on leave from work do not abuse their leave. *Santoli v. Village of Walton Hills,* 2015 WL 1011384 at *4 (N.D. Ohio March 3, 2015). Indeed it is the employer's duty to investigate and determine whether an employee is actually suffering from a serious health condition. *Manns v. Arvinmeritor, Inc.*, 291 F.Supp.2d 655, 662 (N.D. Ohio 2003). Moreover, Plaintiff has not shown that any such communications discouraged Plaintiff or others from exercising their rights under the FMLA. *See Santoli* at * 5.

Plaintiff alleges that the alleged harassing phone calls and emails occurred while he was on leave, which was from July 30, 2012, until December 19, 2012. Plaintiff argues that the purpose of the communications to Plaintiff during his medical leave was to harass and intimidate him about his FMLA leave. Even if these allegations are true, which the Court must assume for purposes of this motion, Plaintiff has not shown that the alleged harassing phone calls and emails caused him harm. The FMLA is not a strict liability statute, so the Plaintiff must establish that Defendant's alleged violations caused him harm. *Romans v. Michigan Dept. of Human Servs.,* 668 F.3d 826, 842 (6th Cir. 2012); *Banks v. Bosch Rexroth Corp.,* 15 F.Supp.3d 681, 698 (E.D. Ky. 2014).

Plaintiff does not dispute that he received all the FMLA leave to which he was entitled. Plaintiff does not allege that his resignation was coerced or otherwise caused by Defendant.[4] The Court finds that the alleged phone calls and emails were not willful adverse employment actions.

The timing of the alleged placement of inaccurate information in Plaintiff's personnel file is unclear. Plaintiff resigned on December 23, 2012. Plaintiff avers that, in December of 2013, he received a letter from one of Defendant's employees which reflected inaccurate information in Plaintiff's personnel file. Plaintiff does not allege who put such information into his personnel file or when it was done.

The alleged inaccurate information has to do with the timing of Plaintiff's transfer to Whites Creek High School, the fact that Plaintiff never actually reported to work at Whites Creek, and whether Plaintiff returned phone calls from his new boss. The Court finds that none of these alleged

---

[4]     Plaintiff has also not shown that Defendant willfully interfered with his FMLA rights or that similarly-situated employees who did not take FMLA leave were treated differently.

statements, even if untrue, rises to the level of an adverse employment action.[5] Plaintiff has failed to allege that these statements caused him harm.

Plaintiff also contends that Defendant classified Plaintiff as "not eligible for rehire." Plaintiff does not, however, allege that this statement was untrue. Plaintiff alleges nothing about whether he was eligible for rehire or not, so he has not shown that this classification was an adverse employment action. Plaintiff contends that the false information in his personnel file harmed his ability to find work with potential employers because he was labeled "not eligible for rehire." He does not, however, allege that he *was* eligible for rehire.

CONCLUSION

For all these reasons, Plaintiff's claims are barred by the two-year statute of limitations. Alternatively, Plaintiff's Second Amended Complaint fails to state a claim under the FMLA. Defendant's Motion to Dismiss (Docket No. 24) is GRANTED, and this action is dismissed.

IT IS SO ORDERED.

TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE

---

[5] An adverse employment action is an action that causes a materially adverse change in the terms and conditions of the plaintiff's employment. *Santoli* at * 6.